MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. WILLS, § 476*—*when legacies are charges on realty.* As a general rule, legacies are not charges upon realty unless expressly or impliedly made so by the terms of the will.

2. WILLS, § 476*—*when intention that legacy be charge on realty will prevail.* If it was the intention of the testator that a legacy should be a charge upon the realty, that intention will prevail, although it is not shown in express words, since it may be implied from the whole will taken together.

3. WILLS, § 478*—*when legacy is charge on realty.* A pecuniary legacy *held* a charge upon the realty where the will contained a general residuary clause covering all of the remainder of the testator's property.

---

### Mattie S. Hunt, Defendant in Error, v. Thomas M. Hunt, Plaintiff in Error.

### Gen. No. 24,042.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. GEORGE KERSTEN, Judge, presiding. Heard in this court at the March term, 1918. Reversed and remanded with directions. Opinion filed June 10, 1918.

### Statement of the Case.

Bill for divorce by Mattie S. Hunt, complainant, against Thomas M. Hunt, defendant. From a decree for complainant, defendant brings error.

ADLER, LEDERER & BECK, for plaintiff in error.

No appearance for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

City of Weatherford v. Nuveen, 211 Ill. App. 411.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. DIVORCE, § 66*—*what necessary to render defendant in default after amendment of bill.* Where complainant's original bill was for separate maintenance and thereafter an amended bill was filed seeking a divorce, proper practice requires a rule upon defendant to plead to the amended bill before he could be in default.

2. DIVORCE, § 12*—*when cruelty of husband not shown.* On a bill for divorce on the ground of extreme and repeated cruelty, testimony by complainant that ever since their marriage defendant had been guilty of excessive sexual intercourse is insufficient to support the charge of cruelty, the testimony of a doctor having been to the effect that he could not say that it affected complainant's health.

3. DIVORCE, § 16*—*what constitutes condonation.* The offense of extreme and repeated cruelty asserted as ground for divorce, if shown by complainant's testimony that defendant was guilty of excessive sexual intercourse ever since their marriage, is condoned where the proof shows that the parties lived together for 16 years.

---

## City of Weatherford, Appellant, v. John Nuveen, trading as John Nuveen & Company, Bankers, Appellee.

### Gen. No. 23,544.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed June 14, 1918.

## Statement of the Case.

Action in assumpsit by the City of Weatherford, a municipality of the State of Oklahoma, plaintiff, against John Nuveen, trading as John Nuveen & Com-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.